SETTLEMENT AND RELEASE
BLM Serial No. AA-5936
ADL 227848

BK 0625 PG 0370

This Settlement and Release is entered into by and between the United States Department of the Interior, the Bureau of Land Management (BLM), the Bureau of Indian Affairs (BIA), the Trust Land Office (TLO) of the Department of Natural Resources on behalf of the Alaska Mental Health Trust Authority (AMHTA), the State of Alaska (State), and the heirs of Anatole Johansen (applicant). In consideration of the mutual benefits stated below, the parties agree as follows:

1. The applicant filed a timely application for a Native Allotment pursuant to the Alaska Native Allotment Act of May 17, 1906, 43 U.S.C. 270-1 et seq. The land for which the applicant intended to apply is more particularly described as follows:

   <u>Seward Meridian, Alaska</u>

   Township 7 North, Range 11 West,

   Section 22: Lots 2 and 3, W1/2SW1/4SE1/4,
   Section 27: Lots 3 and 11;

   containing 109.69 acres, more or less, as shown on the survey plat accepted by the United States Department of the Interior, Bureau of Land Management, in Denver, Colorado on December 10, 1979, and supplemental survey plat accepted by the Bureau of Land Management in Anchorage, Alaska, on November 10, 1998 and officially filed on November 23, 1998.

2. Legal title to the land was conveyed by the United States to the State of Alaska pursuant to the Mental Health Enabling Act of July 28, 1956, 70 Stat. 711, as confirmed by the Alaska Statehood Act of July 7, 1958, 72 Stat. 339, under State selection application A-050580 (MH-25) dated November 17, 1959 and Tentatively Approved on July 2, 1963.

3. The applicant alleged that he commenced use and occupancy of the land prior to the time that the State filed its application for conveyance of the same land with the Department of the Interior. If this allegation is proven true, the applicant is a member of the plaintiff class in <u>Aguilar v. United States</u>, 474 F. Supp. 840 (D. Alaska 1979), and will be entitled to relief pursuant to this court's July 31, 1979 Opinion and the Stipulated Procedures for Implementation of Order (Stipulated Procedures) dated February 9, 1983.

4. The BLM has determined that the applicant's allotment application is not invalid for reason of any legal defects as described in Aguilar Stipulation No. 1 of the Stipulated Procedures.

EXHIBIT 1
Page 1 of 11

Settlement and Release
BLM AA-5936
ADL 227848

EK00625PG0371

5. Subject to the State's Best Interest Finding, the State and the TLO agree to quitclaim the described real property within paragraph 1 to the United States pursuant to AS 38.05.035 (b)(9) for reconveyance to the applicant under the Alaska Native Allotment Act, subject to following easements, reservations, exceptions, relinquishments and restrictive covenants ("State" and "TLO" are interchangeable terms for the purpose of the following):

   (a) the State of Alaska hereby expressly saves, excepts and reserves out of the grant hereby made, unto itself, its lessees, successors, and assigns forever, all oils, gases, coal and associated substances which may be in or upon said land above described, or any part thereof, and the right to explore the same for such oils, gases, coal and associated substances and it also hereby expressly saves and reserves out of the grant hereby made, unto itself, its lessees, successors, and assigns forever, the right to enter by itself, its or their agents, attorneys, and servants upon said land, or any part or parts thereof, at any and all times for the purpose of opening, developing, drilling, and working mines or wells on these or other land and taking out and removing there from all such oils, gases, coal and associated substances and to that end it further expressly reserves out of the grant hereby made, unto itself, its lessees, successors, and assigns forever, the right by its or their agents, servants and attorneys at any and all times to erect, construct maintain, and use all such buildings, machinery, roads, pipelines, power lines, and railroads, sink such shafts, drill such wells, remove such soil, and to remain on said land or any part thereof for the foregoing purposes and to occupy as much of said land as may be necessary or convenient for such purposes hereby expressly reserving itself, its lessees, successors, and assigns, as a foresaid, generally all rights and power in, to, and over said land, whether herein expressed or not, reasonably necessary to render beneficial and efficient the complete enjoyment of the property and rights hereby expressly reserved;

   (b) the State of Alaska further reserves to itself, its lessees, successors, and assigns forever, the right to royalties from the coal, oils, gases, and associated substances reserved here in and the right to regulate, administer, and manage the rights reserved here in;

   (c) the State of Alaska further reserves to itself, its lessees, successors, and assigns forever, the right to exercise the rights reserved in subparagraphs (a) and (b) pursuant to unit agreements;

   (d) A right-of-way 100 feet in width for a 115 KV electric transmission line. The right-of-way is further described as ADL 38269, as it exists on September 29, 1986.

   (e) An easement 50 feet in width, abutting, east of and along the surveyed section line in common with Section 21 and 22, Township 7 North, Range 11 West,

EXHIBIT 1
Page 2 of 11

2

Settlement and Release
BLM AA-5936
ADL 227848

BK 00625 PG 0372

Seward Meridian, for use as a public highway and for public utilities as established by AS 19.10.010.

(f) An easement 50 feet in width, abutting, north of and south of and along the surveyed section line in common with Section 22 and Section 27, Township 7 North, Range 11 West, Seward Meridian, for use as a public highway and public utilities as established by AS 19.10.010.

(g) A public access easement 50 feet in width abutting and upland of the ordinary high water mark of Puppy Dog Lake pursuant to AS 38.05.127.

7. The State and the TLO agree that any coal, oil and gas leases issued after the date the quitclaim deed is issued shall contain provisions for payment of damages according to AS 38.05.130.

8. The heirs agree that the land description in paragraph 1 of this agreement is accurate and forever waive whatever right they may have to amend the legal description, including an amendment pursuant to Section 905(c) of the Alaska National Interest Lands Conservation Act, 43 U.S.C. 1634(c).

9. The BLM will not credit the State's acreage entitlement under the Mental Health Enabling Act of July 28, 1956, 70 Stat. 709, 711, 712, as confirmed by the Alaska Statehood Act of July 7, 1958, 72 Stat. 339, with the amount of acres quitclaimed to it by the State pursuant to this Settlement and Release, because the AMHTA is retaining ownership of the reserved minerals.

10. The BLM, the BIA, the heirs hereby waive and release the TLO, the AMHTA and the State from, any and all claims they may have against the TLO, the AMHTA and the State arising from their ownership, use, development, operations on or under, or maintenance of the land prior to the date that the quitclaim deed is issued.

11. The BLM, the BIA, the heirs, the TLO and the State agree that this Settlement and Release, as implemented, satisfies any and all obligations or liability that the BLM, the TLO, the AMHTA or the State may have to the applicant under the Opinion in Aguilar v. United States, 474 F. Supp. 840 (D. Alaska 1979) and the Stipulated Procedures, and the BLM, the BIA, the heirs hereby waive any right to bring an action against the TLO, the AMHTA and the State for the recovery of title to any further interest in lands based on a Native allotment claim of the applicant.

12. The heirs acknowledge that they have received counseling from the BIA with regard to the precise terms of this Settlement and Release Agreement. The heirs further acknowledge that they have been represented or have had the opportunity to be represented by legal counsel throughout the course of negotiations which led to the execution of the Settlement and Release. The heirs desire to enter into this Settlement and Release, being fully informed of its terms, contents, and effect.

EXHIBIT 1
Page 3 of 11

3

Settlement and Release
BLM AA-5936
ADL 227848

BK00625PG0373

13. The BLM, the BIA, the heirs, the TLO and the State intend the terms of this Settlement and Release Agreement to be binding upon their heirs, administrators, executors, successors, and assigns forever.

14. The BLM, the BIA, the heirs, the TLO and the State desire to reach a full and final compromise, settlement, and release of all matters arising out of the facts described above.

15. Definitions. Whenever used in this agreement the following word has the following meaning:

   (a) "State" means the State of Alaska, its agencies, employees, agents, successors, and assigns, lessees, permittees, contractors and subcontractors;

   (b) "AMHTA" means the Alaska Mental Health Trust Authority established under AS 47.30.011 and AS 37.14.001 - .009;

   (c) "TLO" means the Trust Land Office of the Department of Natural Resources acting on behalf of the AMHTA;

   (d) "oil" means crude petroleum oil and other hydrocarbons, regardless of gravity, that are produced in liquid form by ordinary production methods, including liquid hydrocarbons known as distillate or condensate recovered by separation from gas other than at a gas processing plant;

   (e) "gas" means all natural gas (except helium gas) and all other hydrocarbons produced that are not defined in this lease as oil;

   (f) "associated substances" means all substances except helium produced as an incident of production of oil or gas by ordinary production methods and not defined in this lease as oil or gas;

   (g) "unit" means a group of leases covering all or part of one or more potential hydrocarbon accumulations, or all or part of one or more adjacent or vertically separate oil or gas reservoirs which are subject to a unit agreement;

   (h) "unit agreement" means the agreement executed by the State of Alaska, working-interest owners, or royalty owners creating the unit;

   IN WITNESS WHERE OF, the parties have signed this Settlement and Release below.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*LAST ITEM\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EXHIBIT 1
Page 4 of 11

4

Settlement and Release
BLM AA-5936
ADL 227848

DATED: __6/8/01__                         __Winnie Marie Johansen__
                                                 Winnie Marie Johansen (Heir)

---

STATE OF ALASKA )
                ) ss.
3rd Judicial District )

THIS IS TO CERTIFY that on this __8__ day of __June__ 2001, before me appeared __Winnie Marie Pepper-Johansen__ known to me to be the person named herein and who executed the Settlement and Release and acknowledged voluntarily signing the same.

__Anna R. Kahn__
Notary Public for the State of Alaska
My Commission Expires: __June 26, 2002__



EXHIBIT 1
Page 5 of 11

5

Settlement and Release
BLM AA-5936
ADL 227848

BK00625PG0375

DATED: 29 May 2001

_____
Jesse J. Mercurio (Heir)

STATE OF ALASKA )
              ) ss.
Third Judicial District )

THIS IS TO CERTIFY that on this 29th day of May, 2001, before me appeared Jesse Mercurio known to me to be the person named herein and who executed the Settlement and Release and acknowledged voluntarily signing the same.

[OFFICIAL SEAL
STATE OF ALASKA
SUE ELLEN ESSERT
NOTARY PUBLIC
My Comm. Exp.: Aug 14, 2002]

Sue Ellen Essert
Notary Public for the State of Alaska
My Commission Expires: Aug 14, 2002

EXHIBIT 1
Page 6 of 11

6

Settlement and Release
BLM AA-5936
ADL 227848

BK00625P0376

DATED: 3/6/2001        *Bonnie Atterson (Wik)*
                       Bonnie Haviland Wik (Heir)

---

STATE OF ALASKA )
                ) ss.
3rd Judicial District )


THIS IS TO CERTIFY that on this 6th day of March 2001, before me appeared Bonnie Atterson (Wik) known to me to be the person named herein and who executed the Settlement and Release and acknowledged voluntarily signing the same.



*Jacinda K Chenault*
Notary Public for the State of Alaska
My Commission Expires: 10/10/04

EXHIBIT 1
Page 7 of 11

Settlement and Release
BLM AA-5936
ADL 227848

EX076 5P6 0377

UNITED STATES OF AMERICA
Department of the Interior
Bureau of Indian Affairs

DATED: 6-28-01                            by: /s/ Rose M. Brady

                                          title: Acting Field Representative


STATE OF ALASKA )
                ) ss.
3rd Judicial District )


THIS IS TO CERTIFY that on this 28th day of June 2001, before me appeared Rose M. Brady of the Bureau of Indian Affairs of the Department of Interior of the United States of America, who executed the Settlement and Release and acknowledged voluntarily signing the same.


_____Katherine L. Nunan_____
Notary Public for the State of Alaska
My Commission Expires: January 22, 2003



EXHIBIT 1
Page 8 of 11

8

Settlement and Release
BLM AA-5936
ADL 227848

BK04351S60378

UNITED STATES OF AMERICA
Department of the Interior
Bureau of Land Management

DATED: July 5, 2001          by: _Sharon E. Warren_

                             title: _Chief, Branch of Native_
                                    _allotment adjudication_

STATE OF ALASKA )
                ) ss.
3rd Judicial District )

THIS IS TO CERTIFY that on this _5th_ day of _July_ 2001, before me appeared _Sharon E. Warren_ of the Bureau of Land Management of the Department of the Interior of the United States of America, who executed the Settlement and Release and acknowledged voluntarily signing the same.

_Robin Rodriguez_
Notary Public for the State of Alaska
My Commission Expires: _3/7/2005_

[Notary Seal: ROBIN RODRIGUEZ, NOTARY PUBLIC, STATE OF ALASKA]

Exhibit ___1___
Page __9__ of __11__

Settlement and Release
BLM AA-5936
ADL 227848

BK 00625 0379

STATE OF ALASKA
Trust Land Office of the Department of
Natural Resources on behalf of the Alaska
Mental Health Trust Authority

DATED: October 29, 2001    by: _____
Steve Planchon, Executive Director


STATE OF ALASKA )
                ) ss.
3rd Judicial District )


THIS IS TO CERTIFY that on this 29th day of October 2001, before me appeared Steve Planchon _____, Executive Director of the Trust Land Office of Department of Natural Resources on behalf of the Alaska Mental Health Trust Authority, who executed the Settlement and Release and acknowledged voluntarily signing the same.

_____
Notary Public for the State of Alaska
My Commission Expires: 11-15-03

[Notary Seal: ANNA M. SOLORZANO, NOTARY PUBLIC, STATE OF ALASKA, My Commission Expires November 15, 2003]

EXHIBIT 1
Page 10 of 11

Settlement and Release
BLM AA-5936
ADL 227848

BK00625P00380

STATE OF ALASKA
Department of Natural Resources
Division of Mining, Land and Water

DATED: 11/7/01                by: _____Carol Shobe_____
                                   Carol Shobe for
                                   Bob Loeffler, Director

STATE OF ALASKA )
                ) ss.
3rd Judicial District )

THIS IS TO CERTIFY that on this 7th day of November 2001, before me appeared Carol Shobe for the Director of the Division of Mining, Land and Water of the Department of Natural Resources of the State of Alaska, who executed the Settlement and Release and acknowledged voluntarily signing the same.

_____Celeste L. Kinser_____
Notary Public for the State of Alaska
My Commission Expires: 4-4-2005

**Please return recorded document to:**

Alaska Department of Natural Resources
Division of Mining, Land and Water
Realty Services Section
550 W. 7th Ave., Suite 1050 A
Anchorage, AK 99501-3579

OFFICIAL SEAL
STATE OF ALASKA
CELESTE L. KINSER
NOTARY PUBLIC

**Location Index:**
T. 7 N., R. 11 W., Seward Meridian
Sections 22 and 27

010280
KENAI
RECORDING DISTRICT

2001 NOV -9 A 11: 29
REQUESTED BY
DNR

EXHIBIT 1
Page 11 of 11

11