SETTLEMENT AND RELEASE
BLM Serial No. AA-47908

MAY ⬚ ⬚ 1999

This Settlement and Release is entered into by and between the United States Department of the Interior, the Bureau of land Management (BLM), the Bureau of Indian Affairs (BIA), the Kenai Peninsula Borough (the Borough), the Trust Land Office (TLO) of the Department of Natural Resources on behalf of the Alaska Mental Health Trust Authority (AMHTA), the State of Alaska (the State), and Jake Ivanoff (the applicant). In consideration of the mutual benefits stated below, the parties agree as follows:

1. The applicant filed a timely application for a Native Allotment pursuant to the Alaska Native Allotment Act of May 17, 1906, 43 U.S.C. 270-1 et seq. The land for which the applicant intended to apply is more particularly described as follows:

   Lot 5, SW1/4NE1/4, N1/2NW1/4SE1/4, Section 23, Township 8 North, Range 11 West., Seward Meridian, Alaska, containing 101.23 acres, as shown on plat of survey accepted on October 1, 1923 by the United States Surveyor General's Office.

2. Legal title to the land claimed by the applicant was conveyed by the United States to the State of Alaska pursuant to the Mental Health Enabling Act of July 28, 1956, 70 Stat. 711, as confirmed by the Alaska Statehood Act of July 7, 1958, 72 Stat. 339, under State selection application A-050580 (MH-25) dated November 17, 1959, and patented to the State on August 1, 1963.

3. On May 11, 1979, the Kenai Peninsula Borough selected the lands, pursuant to its municipal entitlement, under AS 29.65.010, which included a portion of the land claimed by the applicant. On January 28, 1982, the State issued a Final Decision approving the Borough's selection of the surface estate for patent.

4. The applicant alleged that he commenced use and occupancy of the land in paragraph 1 prior to the time that the State filed its application for conveyance of the same land with the Department of the Interior. If this allegation is proven true, the applicant is a member of the plaintiff class in Aguilar v. United States, 474 F. Supp. 840 (D. Alaska 1979), and will be entitled to relief pursuant to the court's July 31, 1979 Opinion and the Stipulated Procedures for Implementation of Order (Stipulated Procedures) dated February 9, 1983.

Return to: John T. Baker, Assistant Attorney General
Department of Law
Office of the Attorney General
1031 W. 4th Ave., Ste 200
Anchorage, AK 99501

RECEIVED
AUG 23 2000
Department of Law
Office of Attorney General
3rd Judicial District

BK00508PG0026

5. The BLM has determined that the applicant's allotment application is not invalid for reason of any legal defects as described in Stipulation No. 1 of the Stipulated Procedures.

6. Subject to the State's Best Interest Finding, a written decision by AMHTA and upon the BLM's acceptance of survey, the State and TLO on behalf of AMHTA agree to quitclaim the following described real property to the United States pursuant to AS 38.05.035(b)(9) for reconveyance to the applicant under the Alaska Native Allotment Act in full and final settlement of the Native allotment application AA-47908:

> Tract A, Jake Ivanoff Subdivision, situated in the NW1/4SE1/4, SW1/4NE1/4 Section 23, Township 8 North, Range 11 West, Seward Meridian, Alaska, depicted as Alaska State Land Survey 97-64, containing 5 acres more or less, as shown on plat of survey 98-43 approved by the Kenai Peninsula Borough on June 10, 1996 and recorded in the Kenai Recording District on August 17, 1998.

subject to the following easements, reservations, exception and restrictive covenants:

(a) the State of Alaska and the TLO on behalf of AMHTA hereby expressly saves, excepts and reserves out of the grant hereby made, unto itself, its lessees, successors, and assigns forever, all oils, gases, coal and associated substances which may be in or upon said land above described, or any part thereof, and the right to explore the same for such oils, gases, coal and associated substances and it also hereby expressly saves and reserves out of the grant hereby made, unto itself, its lessees, successors and assigns forever, the right to enter by itself, its or their agents, attorneys, and servants upon said land, or any part or parts thereof, at any and all times for the purpose of opening, developing, drilling, and working mines or wells on these or other land and taking out and removing therefrom all such oils, gases, coal and associated substances and to that end it further expressly reserves out of the grant hereby made, unto itself its lessees,

BK00588PG0027

successors, and assigns forever, the right by its or their agents, servants and attorneys at any and all times to erect, construct, maintain, and use all such buildings, machinery, roads, pipelines, power lines, and railroads, sink such shafts, drill such wells, remove such soil, and to remain on said land or any part thereof for the foregoing purposes and to occupy as much of said land as may be necessary or convenient for such purposes hereby expressly reserving itself, its lessees, successors, and assigns, as aforesaid, generally all rights and power in, to, and over said land, whether herein expressed or not, reasonably necessary to render beneficial and efficient the complete enjoyment of the property and rights hereby expressly reserved;

(b) the State of Alaska and TLO on behalf of AMHTA further reserves to itself, its lessees, successors, and assigns forever, the right to royalties from the coal, oils, gases, and associates substances reserved herein and the right to regulate, administer, and manage the rights reserved herein;

(c) the State of Alaska and TLO on behalf of AMHTA further reserves to itself, its lessees, successors, and assigns forever, the right to exercise the rights reserved in subparagraphs (a) and (b) pursuant to unit agreements;

(d) in addition the reconveyance is subject to all other platted easements, dedications and reservations and valid existing rights.

7. The State and TLO on behalf of AMHTA agree that any coal, oil and gas leases issued after the date of the quitclaim deed is issued shall contain provisions for payment of damages according to AS 38.05.130.

8. Upon a finding that the reconveyance is in the best interest of the State and AMHTA, the Borough shall issue a Quitclaim Deed to the State transferring its interest in the portion of Tract A that it has contributed to the settlement of this Native allotment claim, containing 2.5 acres, more or less. The Borough warrants to the State and TLO on behalf of AMHTA that

0K00588PG0028

it has not created any interests, rights or easements on the land to be conveyed to the State, with the exception of granting the applicant a Special Use Permit to place a trailer on the land. The Borough also warrants to the State and TLO on behalf of AMHTA that it has not placed any hazardous substances or materials on the land to be conveyed to the State. The Borough further agrees that it shall not receive credit from the State under its municipal entitlement (AS 29.65.010) for that portion of Tract A contributed in the settlement of this Native allotment claim, containing 2.5 acres, more or less.

9. All parties agree that, prior to the transfer of title to the applicant, the applicant can utilize that portion of Tract A that the Borough contributed in the settlement of this Native allotment claim, containing 2.5 acres, more or less. However, prior to construction of any additional improvements on the parcel, the applicant shall submit a development plan to the State of Alaska, Department of Natural Resources/Division of Land/Southcentral Region Office for review and approval. The development plan must address any proposed utilization and/or construction on the parcel.

10. All parties agree that the applicant assumes all responsibilities, risk, and liability for all activities of the applicant, his employees, agents, guests, contractors, subcontractors or licensees directly or indirectly conducted in conjunction with the use and occupancy of the land which is the subject of this agreement, including but not limited to all environmental and hazardous substances risks and liabilities, occurring prior to the transfer of title to the applicant. The applicant shall defend, indemnify and hold harmless the Borough, the State of Alaska, AMHTA, their employees and agents from and against any and all suits, claims, actions, losses, costs, penalties and damages of whatever kind or nature including all attorney fees and litigation costs, arising out of, in connection with or incident to any act or omission by the applicant, his employees, agents, guests, contractors, subcontractors or licensees unless the sole proximate cause of injury or damage is the negligence or willful misconduct of the Borough, the State or anyone acting on their behalf.

11. The applicant agrees that the land description in paragraph

BK00588PG0029

6 of this agreement is accurate and relinquishes whatever right or claim he may have to the remaining land, consisting of approximately 96.23 acres, described in paragraph 1 of this agreement and forever waives whatever right he may have to amend the legal description, including an amendment pursuant to Section 905(c) of the Alaska National Interest Lands Conservation Act, 43 U.S.C. 1634(c).

12. The BLM will not credit the State's acreage entitlement under the Mental Health Enabling Act of July 28, 1956, 70 Stat. 709, 711, 712, as confirmed by the Alaska Statehood Act of July 7, 1958, 72 Stat. 339, with the amount of acres quitclaimed to it by the State pursuant to this Settlement end and Release, because the State is retaining ownership of the reserved minerals.

13. The BLM, the BIA, and the applicant hereby waive and release the Borough, TLO, AMHTA, and the State from, any and all claims they may have arising out of the ownership, use, development, operations on or under, or maintenance of the land prior to the date that the quitclaim deed is issued.

14. The BLM, the BIA, the applicant, the Borough, TLO on behalf of AMHTA, and the State agree that this Settlement and Release, as implemented, satisfies any and all obligations or liability that the BLM or the State may have to the applicant under the Opinion in <u>Aguilar v. United States</u>, 474 F. Supp. 840 (D. Alaska 1979) <u>and the Stipulated Procedures</u>, and the BLM, BIA, and the applicant hereby waive recovery of title to any further interest in lands based on a Native allotment claim of the applicant.

15. The applicant acknowledges that he has received counseling from the BIA with regard to the precise terms of this Settlement and Release. The applicant further acknowledges that he has been represented by counsel throughout the course of negotiations which led to the execution of the Settlement and Release. The applicant desires to enter into this Settlement and Release, being fully informed of its terms, contents, and effect.

16. The BLM, the BIA, the applicant, the Borough, TLO on behalf of AMHTA, and the State intend the terms of this Settlement and Release to be binding upon their heirs, administrators, executors, successors, and assigns forever.

17. The BLM, the BIA, the applicant, the Borough, TLO on behalf of AMHTA, and the State desire to reach a full and final compromise, settlement, and release of all matters arising

out of the facts described above.    BK00588PG0030

18. <u>Definitions</u>. Whenever used in this agreement the following word has the following meaning:

(a) "State" means the State of Alaska, its agencies, employees, agents, successors, and assigns, lessees, permittees, contractors and subcontractors;

(b) "AMHTA" means the Alaska Mental Health Trust Authority established under AS 47.30.011 and AS 37.14.001-.009.

(c) "TLO" means the Trust Land Office of the State of Alaska, Department of Natural Resources which acts on behalf of the Alaska Mental Health Trust Authority.

(d) "oil" means crude petroleum oil and other hydrocarbons, regardless of gravity, that are produced in liquid form by ordinary production methods, including liquid hydrocarbons known as distillate or condensate recovered by separation from gas other than at a gas processing plant;

(e) "gas" means all natural gas (except helium gas) and all other hydrocarbons produced that are not defined in this lease as oil;

(f) "associated substances" means all substances except helium produced as an incident of production of oil or gas by ordinary production methods and not defined in this lease as oil or gas;

(g) "unit" means a group of leases covering all or part of one or more potential hydrocarbon accumulations, or all or part of one or more adjacent or vertically separate oil or gas reservoirs which are subject to a unit agreement;

(h) "unit agreement" means the agreement executed by the State of Alaska, working-interest owners, or royalty owners creating the unit.

6

LA 0058 PG 0035

IN WITNESS WHEREOF, the parties have signed this Settlement and Release below.

DATED: _May 9th 2000_                              _____
                                                   Jake Ivanoff   (Applicant)

STATE OF ALASKA        )
                       ) ss.
_THIRD JUDICIAL DIST_  )

THIS IS TO CERTIFY that on this _9th_ day of _MAY_, ~~19~~ _2000_, before me appeared _JAKE IVANOFF_____, known to me to be the person named herein and who executed the Settlement and Release and acknowledged voluntarily signing the same.

_____
Notary Public for the State of Alaska
My Commission Expires: _15 NOV 00_

[Notary Seal: CHARLES F. BUNCH, NOTARY PUBLIC, STATE OF ALASKA]

7

OK005881 0036

UNITED STATES OF AMERICA
Department of the Interior
Bureau of Indian Affairs

DATED: 5/19/00            By: *Albert D Kahkle*
                          Title: *Field Representative*

STATE OF ALASKA          )
                         )ss:
THIRD JUDICIAL DIST.     )

THIS IS TO CERTIFY that on this 19TH day of MAY, 1900, before me appeared ALBERT D. KAHKLEN _____ of the Bureau of Indian Affairs of the Department of the Interior of the United States of America, who executed the Settlement and Release and acknowledged voluntarily signing the same.

[Notary Seal: CHARLES F. BUNCH, NOTARY PUBLIC, STATE OF ALASKA]

*Charles F Bunch*
Notary Public for the State of Alaska
My Commission Expires: 15 NOV 00

006230        NC        2000 AUG 21 P 1:45
KENAI                    REQUESTED BY
RECORDING DISTRICT
                         Dept Law

BK00588PG0031

UNITED STATES OF AMERICA
Department of the Interior
Bureau of Land Management

DATED: August 10, 2000      By: Sharon E. Warren
                            Title: Chief, Branch of Native
                                   Allotment Adjudication

STATE OF ALASKA      )
                     ) ss:
Third Judicial District )

THIS IS TO CERTIFY that on the 10th day of August, AD 2000, before me appeared Sharon E. Warren, of the Bureau of Land Management of the Department of the Interior of the Interior of the United States of America, who executed the Settlement and Release and acknowledged voluntarily signing the same.



Notary Public for Alaska
My Commission Expires: 3/7/01

BK00588PG0032

STATE OF ALASKA
Kenai Peninsula Borough

DATED: 6/30/00

By: *Dale L Bagley*
Mayor

STATE OF ALASKA         )
                        ) ss.
THIRD JUDICIAL DISTRICT )


   THIS IS TO CERTIFY that on the 30th day of JUNE, 2000, before me appeared DALE L BAGLEY, Mayor of the Kenai Peninsula Borough, who executed the Settlement and Release and acknowledged voluntarily signing the same.

*Bonnie Golden*
Notary Public for Alaska
My Commission Expires: 11-15-2000

```
NOTARY PUBLIC
BONNIE GOLDEN
STATE OF ALASKA
```

BK00588PG0033

STATE OF ALASKA
Alaska Mental Health Trust Authority

DATED: 8/2/00         By: /s/ Steven C. Planchon
                      Steven C. Planchon, Trust Land Office of
                      Department of Natural Resources

STATE OF ALASKA      )
                     ) ss:
THIRD JUDICIAL DISTRICT )

THIS IS TO CERTIFY that on this 2nd day of August, 2000, before me appeared Steve Planchon, Executive Director of the Trust Land Office of the State of Alaska, Department of Natural Resources, who executed the Settlement and Release and acknowledged voluntarily signing the same.

/s/ Anna M. Solorzano
Notary Public for the State of Alaska
My Commission Expires: 11-15-03

[Notary Seal: ANNA M. SOLORZANO, NOTARY PUBLIC, STATE OF ALASKA, November 15, 2003]

11

BK00588PG0034

STATE OF ALASKA
Department of Natural Resources
Division of Land

DATED: 8/2/00                By: /s/ Robert M. Loeffler
                                 ~~Richard LeFebvre,~~ Acting Director
                                 Robert M. Loeffler

STATE OF ALASKA      )
                     ) ss:
Third Judicial District )

THIS IS TO CERTIFY that on this 2nd day of Aug, ~~19~~ 2000, before me appeared Robert M. Loeffler ~~Richard LeFebvre, Acting~~ Director, Division of Land of the Department of Natural Resources of the State of Alaska, who executed the Settlement and Release and acknowledged voluntarily signing the same.

/s/ Anna M. Solorzano
Notary Public for the State of Alaska
My Commission Expires: 11-15-03

[Notary Seal: ANNA M. SOLORZANO, NOTARY PUBLIC, STATE OF ALASKA, My Commission Expires November 15, 2003]